UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROCHELLE Y. HAMS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. C13-2145-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Rochelle Hams appeals the denial of her Supplemental Security Income application. She contends the ALJ erred by (1) finding that she could perform her past work as a mail clerk, and (2) rejecting medical opinions written by treating providers. Dkt. 12 at 1. As discussed below, the Court recommends the case be **REVERSED** and **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Ms. Hams is currently 59 years old, has a tenth-grade education and additional vocational training, and has worked as a receptionist, mail clerk, reservationist, data entry clerk, and manufacturing clerk.[1] On February 26, 2007, she protectively applied for benefits, alleging

---

[1] Tr. 34, 173.

REPORT AND RECOMMENDATION - 1

disability as of July 18, 2002. Tr. 155-57, 167. Her application was denied initially and on reconsideration. Tr. 82-90, 93-95. The ALJ conducted a hearing on November 2, 2009, and subsequently found Ms. Hams not disabled. Tr. 12-68. After the Appeals Council denied Ms. Hams's request for review, Ms. Hams appealed to this court, which reversed the ALJ's decision and remanded for additional proceedings. Tr. 1-6, 882-905. The ALJ conducted additional hearings on November 21, 2012, and January 28, 2013, and subsequently found Ms. Hams not disabled. Tr. 725-861. As the Appeals Council again denied Ms. Hams's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 713-16.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Ms. Hams last engaged in substantial gainful activity on February 26, 2007, her protective filing date.

**Step two:** Ms. Hams's fibromyalgia; lumbago; bipolar disorder; pain disorder associated with both psychological factors and a general medical condition; generalized anxiety disorder; and personality disorder, with dependent and histrionic features, were severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity ("RFC"):** Ms. Hams could perform light work as follows: she can stand and/or walk for six hours and sit for six hours out of an eight-hour workday. She can occasionally climb ramps and stairs, but can never climb ladders, ropes, or scaffolds. She has unlimited ability to balance. She can occasionally stoop, kneel, crouch, and crawl. The claimant needs to avoid concentrated exposure to extreme heat, extreme cold, extreme humidity, and vibrations. She should avoid even moderate exposure to hazards including unprotected heights and moving machinery. She can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant is able to accept instructions from supervisors and get along with coworkers, but cannot have contact with the general public. She is able to adapt to routine workplace changes.

**Step four:** Ms. Hams could perform her past work as a mail clerk, and was thus not

---

[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

REPORT AND RECOMMENDATION - 2

disabled.

Tr. 725-42.

## DISCUSSION

**A.     The ALJ Erred at Step Four**

A claimant bears the burden at step four of demonstrating that she can no longer perform her past relevant work.  20 C.F.R. §§ 404.1512(a), 404.1520(f); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003).  A claimant may be found not disabled at step four based on a determination that she can perform past relevant work as it was actually performed or as it is generally performed in the national economy.  Social Security Ruling ("SSR") 82-61, 1982 WL 31387 (Jan. 1, 1982).  An ALJ may rely on two sources "to define a claimant's past relevant work as actually performed: a properly completed vocational report, SSR 82-61, and the claimant's own testimony, SSR 82-41."  *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).  The Dictionary of Occupational Titles ("DOT") is generally considered the best source for determining how past relevant work is generally performed.  *Id*. at 845-46.

Although the ALJ "may rely on the general job categories of the [DOT] . . . as presumptively applicable to a claimant's prior work[,]" the claimant "may overcome the presumption that the [DOT's] entry for a given job title applies to him by demonstrating that the duties in his particular line of work were not those envisaged by the drafter of the category." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986) (internal citations omitted).  A plaintiff's properly completed vocational report (SSA–3369–F6) may be sufficient to furnish information about their past work.  SSR 82-61, 1982 WL 31387, at *2.  However, when significant variation exists between a claimant's description of her job and the DOT description of the job, it may be the result of a composite job.  *Id.*  A composite job has "significant elements of two or more

REPORT AND RECOMMENDATION - 3

1  occupations, and as such, ha[s] no counterpart in the DOT." *Id.*  Composite jobs are evaluated

2  "according to the particular facts of each individual case." *Id.*

3        In this case, Ms. Hams argues that the ALJ erred in finding that she could perform the job

4  of mail clerk as generally performed, because her performance of mail clerk duties was as part of

5  a composite job (with no counterpart in the DOT) at Revco, and as actually performed, because

6  the public contact required in her past job is precluded under the ALJ's RFC assessment.

7        The Commissioner argues that the mail clerk job referenced by the ALJ was not

8  performed at Revco, but at Mabie Marketing Group, based on the dates provided by Ms. Hams.

9  Dkt. 18 at 4 (citing Tr. 173, 1033-34).  Ms. Hams's records contain many discrepancies in dates,

10 but her hearing testimony and narrative description of her past work clearly states that she

11 performed mail clerk duties at Revco.  Tr. 37-38.  She provided no detailed narrative description

12 of her work at Mabie Marketing Group in writing, but testified at the administrative hearing that

13 this job involved data entry.  Tr. 38-39, 192.  Thus, the Commissioner's attempt to distance the

14 ALJ's step-four finding from the Revco job is not supported by the overall record.

15       Because the record shows that the ALJs referenced Ms. Hams's former work at Revco

16 when they found her capable of performing her work as a mail clerk as generally and actually

17 performed, whether the Revco job was composite is not moot.  The Court finds that the Revco

18 job was composite, because Ms. Hams's description of the job includes some mail-handling and

19 -distributing duties, but also references relieving the receptionist, reviewing appraisals, filing

20 electronic mailings, making new employee packs, and answering incoming calls.  Tr. 198.  These

21 duties are more expansive than the DOT's definition of a mail clerk.  *See* DOT 209.687-026,

22 1991 WL 671813 (Jan. 1, 2008).  As such, the Revco job is a composite job without direct

23 parallel in the DOT, and should not be relied upon as a job "as generally performed."  *See*

REPORT AND RECOMMENDATION - 4

Program Operations Manual System DI 25005.020(B), *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0425005020 (last accessed Jul. 29, 2014).

The ALJ also found that Ms. Hams was capable of performing the mail clerk job as actually performed, and the Commissioner essentially concedes that this finding is erroneous. Dkt. 18 at 4. Thus, because the ALJ erred in finding that Ms. Hams could perform her past work as a mail clerk as generally *and* as actually performed, and did not proceed to step five, the ALJ's step-four errors are fatal. On remand, the ALJ shall consider the Medical-Vocational Guidelines regarding Ms. Hams's disability upon her 55th birthday, and consider whether she was capable of adjusting to other work prior to that time. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2, § 202.02.

**B.     Medical Opinions**

Ms. Hams argues that the ALJ erred in rejecting medical opinions that she was limited to sedentary work, and instead finding her capable of performing light work. Specifically, she challenges the ALJ's assessment of the December 2012 opinion of treating physician John Chisholm, D.O.; the October 2007 opinion of treating family nurse practitioner Greg McGriff, ARNP; and the January 2009 opinion of treating physician's assistant Peter Yorkoski, PA-C. Contradicted opinions provided by a treating physician can be discounted for specific and legitimate reasons, and opinions provided by non-acceptable medical sources can be discounted for germane reasons. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**1.     Dr. Chisholm**

The ALJ provided a number of reasons to discount Dr. Chisholm's opinion (Tr. 1501-04), namely inconsistencies with objective medical evidence showing normal or mild findings,

REPORT AND RECOMMENDATION - 5

inconsistency between the opinion and Ms. Hams's activities, and reliance on Ms. Hams's non-credible self-report.  Tr. 736-37.  Ms. Hams argues that the inconsistent evidence cited by the ALJ does not establish that she is capable of performing light, rather than sedentary, work (Dkt. 12 at 15), but the ALJ did not so claim: the ALJ cited evidence inconsistent with Dr. Chisholm's opinion as reasons to discount Dr. Chisholm's opinion as to Ms. Hams's limitations.  Furthermore, Ms. Hams did not challenge the ALJ's adverse credibility determination, and thus the ALJ did not err in discounting Dr. Chisholm's opinion to the extent that it was formulated in reliance on Ms. Hams's non-credible self-report.  *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  Accordingly, because the ALJ provided specific, legitimate reasons to discount Dr. Chisholm's opinion, the ALJ's assessment should be affirmed.

> 2. Mr. McGriff

The ALJ discounted Mr. McGriff's opinion (Tr. 289-92) as inconsistent with his own mild findings and inconsistent with other medical evidence.  Tr. 735.  Ms. Hams argues that the ALJ erred in expecting medical evidence to corroborate Mr. McGriff's opinion, because fibromyalgia is not necessarily revealed in medical testing. Dkt. 12 at 17.  But Mr. McGriff did not reference only fibromyalgia — he also cited Ms. Hams's neck pain and lower back pain, which explains why the ALJ looked to radiographic imaging studies of Ms. Hams's cervical and lumbar spine.  Tr. 735.  Furthermore, as described by the ALJ, Mr. McGriff's physical examination revealed mostly normal findings, other than positive fibromyalgia tender points and some loss of spine motion.  Tr. 735 (citing Tr. 290).  These are germane reasons to discount Mr. McGriff's opinion, and thus the ALJ's assessment should be affirmed.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

> 3. Mr. Yorkoski

REPORT AND RECOMMENDATION - 6

The ALJ discounted Mr. Yorkoski's opinion (Tr. 476-81) for some of the same reasons provided as to Mr. McGriff's opinion, specifically lack of objective medical support.  Tr. 736.  The ALJ found that Mr. Yorkoski's range-of-motion testing did not corroborate his opinion regarding Ms. Hams's marked limitations, and that his opinion was also inconsistent with evidence showing benign or mild findings.  *Id*.  These are germane reasons to discount Mr. Yorkoski's opinion, and thus the ALJ's assessment should be affirmed.  *See Bayliss*, 427 F.3d at 1218.

## CONCLUSION

For the reasons above, the Court recommends **REVERSING** the Commissioner's decision and **REMANDING** the case for further administrative proceedings.  On remand, the ALJ should consider (1) the Medical-Vocational Guidelines regarding Ms. Hams's disability upon turning age 55, and (2) whether she was capable of adjusting to other work prior to that time.

A proposed order accompanies this Report and Recommendation.  Objections must be filed by **August 13, 2014.**  If no objections are filed, the Clerk shall note the matter for **August 15, 2014.**  If objections are filed, any response is due within 14 days after being served with the objections.  A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served.  Objections and responses shall not exceed seven pages.

DATED this 30th day of July 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7

REPORT AND RECOMMENDATION - 8